# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NATHAN R. JAMES,

        Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,

        Agency.

DOCKET NUMBER
PH-0845-15-0101-I-1

DATE: August 13, 2015

## THIS ORDER IS NONPRECEDENTIAL[*]

Nathan R. James, Philadelphia, Pennsylvania, pro se.

Roxann Johnson, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed as modified the reconsideration decision of the Office of Personnel Management (OPM) finding that he was overpaid $26,064.00 in Federal Employees' Retirement System (FERS) disability benefits. For the reasons

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

discussed below, we GRANT the petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed an appeal of OPM's reconsideration decision, which found that he was overpaid $26,064.00 in annuity benefits under FERS and that he was not entitled to a waiver of the overpayment. Initial Appeal File (IAF), Tab 1. It is undisputed that the appellant was separated for disability retirement on March 17, 1995, by his employing agency, the Department of the Navy. In a letter dated September 15, 2005, OPM granted the appellant's disability retirement application and advised him that he was required to apply for social security benefits. IAF, Tab 5, Subtab 5 at 38-40. OPM's letter also explicitly notified the appellant that his social security checks should be set aside until the FERS annuity had been properly reduced, and that those checks would be needed to pay OPM for the reduction which should have been made in the FERS annuity. *Id*. In a letter dated April 16, 2013, OPM notified the appellant that it had received information that he became entitled to social security benefits effective August 1, 2009. IAF, Tab 5, Subtab 4 at 21-23. OPM advised the appellant that his annuity had been adjusted because of his social security benefits, and that, as a result, he had been overpaid $26,064.00; it notified him that his repayment schedule would consist of 121 monthly payments of $214.00, with a final payment of $170.00. *Id*.

¶3 The appellant requested reconsideration of OPM's decision, and he requested a waiver of the overpayment. IAF, Tab 5, Subtab 3 at 16-19. He submitted a Financial Resources Questionnaire (FRQ) showing that his average monthly expenses exceeded his average monthly income by $31.10. *Id*. OPM's reconsideration decision affirmed the existence of the overpayment and found that the appellant was not entitled to a waiver of the overpayment. IAF, Tab 5,

Subtab 2 at 10-14. However, OPM adjusted the repayment schedule to 208 monthly payments of $125 and one final payment of $64.00. *Id.* at 13.

¶4 On appeal, the appellant asked the Board to waive recovery of the overpayment because of financial hardship. IAF, Tab 1. Because the appellant did not request a hearing, the administrative judge decided the case on the written record. Initial Decision (ID) at 1; IAF, Tab 1. The administrative judge found that OPM established the existence and amount of the overpayment, $26,064.00, and that the appellant was not entitled to a waiver of collection of the overpayment under the set-aside rule. ID at 5-6. While the appeal was pending, OPM offered to further reduce the appellant's monthly installment payments from $125.00 to $100.00. IAF, Tab 5 at 4-5. The administrative judge found that the repayment schedule was properly adjusted to a monthly payment of $100.00 due to financial hardship and he affirmed OPM's reconsideration decision as modified. ID at 6-7.

¶5 On review, the appellant has not challenged the administrative judge's findings regarding the overpayment amount or that he was not entitled to a waiver because of the set-aside rule. ID at 3-6. Thus, we affirm the administrative judge's findings on these issues. Nevertheless, an annuitant who is ineligible for a waiver may be entitled to a recovery schedule adjustment if he shows that it would cause him financial hardship to make payments at the scheduled rate. *Malone v. Office of Personnel Management*, 113 M.S.P.R. 104, ¶ 4 (2010); *Dorrello v. Office of Personnel Management*, 91 M.S.P.R. 535, ¶ 7 (2002); 5 C.F.R. § 845.301. Pursuant to OPM's regulations, financial hardship may exist where the annuitant needs substantially all of his income and liquid assets to meet current ordinary and necessary living expenses and liabilities. *Malone*, 113 M.S.P.R. 104, ¶ 4; 5 C.F.R. § 845.304. Ordinary and necessary expenses include those for rent, mortgage payments, utilities, maintenance, food, clothing, insurance, taxes, installment payments, and medical expenses. 5 C.F.R. § 831.1405. The Board has the authority, based on the appellant's financial

situation, to order OPM to adjust the monthly repayment schedule. *Malone*, 113 M.S.P.R. 104, ¶ 4; *Gott v. Office of Personnel Management*, 97 M.S.P.R. 538, ¶ 10 (2004).

¶6        Here, although the appellant does not specifically request an adjustment in the repayment schedule on review, he claims that he is currently behind on all of his bills and he asserts that he submitted an FRQ which shows that he is unable to pay his bills and living expenses. Petition for Review File, Tab 1. We find that, while he has not met his burden of proving that he is entitled to a waiver of recovery of the overpayment, the FRQ indicates that further adjustment of the repayment schedule may be warranted. IAF, Tab 5, Subtab 3 at 18-19.

¶7        The administrative judge discussed Board law regarding adjustment of the repayment schedule due to financial hardship and he stated that he reviewed the appellant's FRQ in affirming OPM's subsequent adjustments of his monthly installment payments from the original $214 to $100. The administrative judge explicitly found that the adjusted monthly payment of $100.00 "does not substantially exceed the appellant's demonstrated monthly income/expense margin and would not therefore cause the appellant financial hardship." ID at 7. However, there is no indication in the initial decision that the administrative judge fully reviewed the FRQ regarding the appellant's income/expense margin. ID at 6-7; *see Gott*, 97 M.S.P.R. 538, ¶ 11 (finding that the administrative judge is required to consider whether the type of each claimed expense is ordinary and necessary). Further, the FRQ reflects that the appellant's monthly income is $1,457.90, expenses are $1,489.00, and expenses exceed income by $31.10. IAF, Tab 5, Subtab 3 at 18. However, there is an error in the computation of the appellant's expenses; his monthly expenses actually exceed his income by $41.10. *Id*. Additionally, when considering OPM's offer to adjust the repayment schedule and the appellant's assertion that the scheduled rate would cause him financial hardship, the record shows that the administrative judge did not take into account that the appellant is entitled to $50.00 per month in emergency expenses. *See*

*Maseuli v. Office of Personnel Management*, [111 M.S.P.R. 439](#), ¶ 12 (2009) (the Board has long recognized that OPM allows $50.00 in emergency expenses per month in calculating repayment scheduled for overpayment of annuity benefits). Adjusting the figures in the appellant's FRQ accordingly, we find that his reported monthly expenses would exceed his monthly income of $1,457.90 by $91.90. Thus, it appears that he may be entitled to an adjustment of the repayment schedule.

¶8        Nonetheless, in light of the administrative judge's errors in considering the FRQ, the time lapse since the FRQ was completed, the appellant's assertions on review that his financial situation has since deteriorated, and because it appears that at least one of his installment debts may now be paid in full, it is appropriate to provide him with an opportunity to submit updated financial information. *See Spinella v. Office of Personnel Management*, [109 M.S.P.R. 185](#), ¶ 12 (2008). Accordingly, remand is appropriate here to allow the appellant to submit an updated FRQ and supporting documentation to reflect any change in circumstances since his last FRQ was prepared. On remand, the administrative judge must allow the parties an opportunity to supplement the record on the issue of the appellant's finances. Afterwards, the administrative judge must specifically consider the appellant's income and his current ordinary and necessary living expenses and liabilities and adjust the repayment schedule, if appropriate, based on his current financial situation. Otherwise, the administrative judge should let his previous decision stand, depending on the evidence supplied.

**ORDER**

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.